UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
MARKET CENTER EAST RETAIL PROPERTY, INC.,
    Debtor.                                No. 11-09-11696 SA

**MEMORANDUM OPINION AND ORDER ON
SUPPLEMENTAL APPLICATION FOR ALLOWANCE OF
ATTORNEY FEES AS PART OF SECURED CLAIM
OF ORIX CAPITAL MARKETS, LLC**

The Supplemental Application for Allowance of Attorney Fees as Part of Secured Claim (doc 174)[1], filed by ORIX Capital Markets, LLC ("ORIX"), together with Debtor's Response to Supplemental Application for Allowance of Attorney Fees as Part of Secured Claim (doc 175), has come before the Court for a ruling, pursuant to the Order Resulting from Preliminary Hearing on ORIX Capital Markets, LLC's Supplemental Application for Allowance of Attorney Fees as Part of Secured Claim (doc 180) ("Supplemental Application Order"). Having reviewed the papers filed by the parties, the Court rules that the Supplemental Application should be granted in the amount of $15,615.43.

**Background**

On August 3, 2010, this Court issued its Memorandum Opinion on ORIX Capital Market [sic], LLC's Motion to Allow Secured Claim Pursuant to 11 U.S.C. §506 and to Order Payment Thereof and On Objection to ORIX Capital Market's Claim (doc 167), In re Market

---

[1] The identical motion and attachment were also filed as doc 172.

Case 09-11696-nlj11    Doc 192    Filed 11/30/10    Entered 11/30/10 15:26:32 Page 1 of 10

Center East Retail Properties, Inc., 433 B.R. 335 (Bankr. D.N.M. 2010) (together with the resulting order, the "Secured Claim Order").[2] In the Secured Claim Order, the Court authorized ORIX to file a supplemental claim for reimbursement of attorney fees, as follows:

> In its post-hearing briefs, ORIX claimed that it was entitled to reimbursement for additional fees and costs incurred subsequent to those represented by the exhibits. For example, ORIX may seek reimbursement of Thuma & Walker bills beginning in January 2010 (including for litigating the issues addressed in this memorandum opinion, though the Debtor is already objecting to those), for [Jeffer, Mangels, Butler & Marmaro, LLP] bills beginning in February 2010, for [Atkinson, Thal & Baker, P.C.] bills for March 2010, etc. At least some of those expenses might be reimbursable. Debtor and ORIX should confer on this issue, and present the Court with a process for resolving that dispute, or at least request a hearing from the Court if they cannot agree on anything.

Id. at 376, n. 51.  This Supplemental Application is for fees incurred by Thuma & Walker, P.C. from January 2010 in prosecuting and defending ORIX's secured claim.  The Supplemental Application seeks payment of $23,247.50 in fees, $1,545.27 in New Mexico gross receipts tax ("GRT"), and reimbursement of costs of $396.53, for a total of $25,189.30.  Supplemental Application at 1-2.

**Analysis**

Debtor concedes that ORIX is entitled to some fees, just not

---

[2] The Court assumes the reader has some familiarity with the factual and procedural background of the dispute as set out in the Secured Claim Order.  433 B.R. at 342-350.

all of those claimed. Response at 1. It asks the Court to disallow certain charges as unrelated to litigating ORIX's secured claim, and to prorate the remainder of the fees and expenses to reflect that ORIX was awarded only 41% of what it asked for in its Motion to Allow Secured Claim.

Also, Debtor has asked the Court to force ORIX to litigate in this case the attorney fee issues stemming from the guaranty litigation in California against Debtor's principal and sole shareholder Danny Lahave and Top Terraces, Inc. Response at 3-5. The Court orally ruled at the preliminary hearing conducted on October 18, 2010 that it would not so rule. The Court now makes that ruling in writing. Assuming without deciding that this Court has the authority to do what Debtor asks, it is nevertheless the case that the California state court is competent to decide what if any fees Mr. Lahave and Top Terraces, Inc. ought to have to pay based on the guaranty. As for the estate paying any of those claims (which claims do not include these Thuma & Walker bills), decretal paragraph 2 of the Supplemental Application Order provides that "[u]pon [adjudication of the claim] and payment of any allowed amount from the Court registry, ORIX's claim against the Debtor in this bankruptcy case shall be paid in full." Thus by not submitting the bills from any other counsel to this Court for decision, ORIX is giving up the right to receive further payment from the estate

for those bills.  Whether Mr. Lahave then chooses to have Debtor reimburse him out of any surplus remaining after all of the claims against the estate are paid in full, is his decision.  But whether and how much the other law firms should be paid will not affect the estate.  In consequence, even if the Court had subject matter jurisdiction of the dispute, see <u>Gardner v. United States</u>, 913 F.2d 1515, 1517-19 (10th Cir. 1990) (bankruptcy court had no subject matter jurisdiction of a dispute between the Internal Revenue Service and spouse of debtor when neither debtor nor the estate had any interest in the property in dispute), a question the Court does not decide, the Court nevertheless declines to decide those disputes.

Debtor first argues that charges incurred for other than litigating the payment of the remaining secured claim are not payable by the estate. This Court finds, however, that a reasonable amount of time keeping apprised of the California and other New Mexico litigation is something competent counsel would be expected to do, and so is reimbursable.  More than that, however, the Court has already ruled that the loan documents permit ORIX to reimburse itself for the fees and costs of pursuing the guaranty collection action and defending the counterclaims.  <u>In re Market Center East Retail Properties, Inc.</u>, 433 B.R. at 370.  Such charges must however be reasonable.  <u>Id.</u> In that light the Court ruled that the charges for Jeffer,

Page 4 of  8

Case 09-11696-nlj11    Doc 192    Filed 11/30/10    Entered 11/30/10 15:26:32 Page 4 of 10

Mangels, Butler & Marmaro, LLP (California counsel pursuing the guaranty collection action) for work done in January 2010 was no longer necessary in light of the receipts from the Lowe's litigation which were more than sufficient to ensure full payment of any sums that might be left owing to ORIX. Nor was the New Mexico counterclaim defense by Atkinson, Thal & Baker, P.C. necessary, id. at 373-75, which presumably would not have arisen had the California guaranty collection not continued.

The Court has reviewed the Thuma & Walker billings from this perspective and makes its best estimate[3] that the charges set out on the exhibit A attached hereto are the gross amount appropriately charged to the collateral. Those figures are respectively $21,296.00 for fees, $396.53 for costs, totaling $21,692.53, and $1,518.48 for GRT[4] on the total of fees and costs, for a grand total of $23,211.01. Almost all the fees and costs allowed are for trial preparation, conducting the trial, and then briefing the issue of what the charges to the collateral

---

[3] Several of the daily entries contain numerous individual entries lumped together with the aggregate time shown for that day, making it impossible to precisely sort out compensable from non-compensable activities. However, the Court is comfortable that, based upon a review of its previous decision, it is sufficiently close to the mark.

[4] The rate is 7%. Available at http://www.tax.newmexico.gov/SiteCollectionDocuments/Tax-Library/Tax-Policy-and-Revenue-Program-History/Current-and-Historic-Tax-Rates/Gross-Receipts-Tax-Rates/GRT%20Rate%20Schedule%20July%202010%20-%20Revised.pdf (last visited November 23, 2010).

should be.  A small amount of time is allowed for keeping up with what else is going on, and a very small amount is allowed for dealing with a voice mail message that Mr. Lahave apparently left for Mr. Lingle.[5]

    The Court further reduces the fees and applicable gross receipts tax by 1/3, resulting in a final total allowed charge against the proceeds of the collateral of $15,615.43.  The Court chooses a 1/3 reduction in part because ORIX's claim of $642,397.44 was reduced to $265,211.86.  433 B.R. at 349 and 377.  That constitutes, as Debtor correctly calculates, a 59% reduction in the amount requested.  The discussion in the underlying opinion of what collection costs ought to be allowed, 433 B.R. at 370-74, cites both New Mexico and bankruptcy authority, some of which suggests a more liberal award of fees, e.g., Fort Knox Self Storage, Inc. v. Western Technologies, Inc., 140 N.M. 233, 242, 142 P.3d 1, 10 (Ct. App. 2006) (affirming award of $240,000 in attorney fees based on a damage award of $110,000), and others which suggest just the opposite.  E.g., In the Matter of Nicfur-Cruz Realty Corp., 50 B.R. 162, 169 (Bankr. S.D.N.Y. 1985); accord, In re Precision Tool and Die Mfg. Co. Inc., 285 B.R. 621, 623 (Bankr. W.D.Pa. 2002) (right to collect fees out of collateral is not a blank check for needless litigation).  A

---

[5] Not having heard the voice mail, the Court makes no judgment whether it constituted a "threatening message" as described by Mr. Walker in his time entry of March 2, 2010.

Page 6 of  8

Case 09-11696-nlj11   Doc 192   Filed 11/30/10   Entered 11/30/10 15:26:32 Page 6 of 10

creditor holding a secured claim is entitled to assert a reasonable claim against the collateral for collection costs, and the mere fact that it is not entirely successful does not mean that it was unreasonable to make the claim, or that it was unreasonable to include in the claim all the components of the claim that might be recovered. At the same time, some reduction in the reimbursement of collection costs out of the collateral when the result is the allowance of a much smaller amount than was claimed is appropriate. There is no precise formula to make that determination, but the Court is comfortable that a 1/3 reduction of the fees (and of the GRT applicable to the fees), and full reimbursement of the costs (and applicable GRT) strikes a reasonable balance in these circumstances.[6]

**Conclusion and Order**

For the foregoing reasons, the Court finds that the amount requested by ORIX out of the collateral for its collection efforts should be substantially reduced.

**IT IS THEREFORE ORDERED** that the Supplemental Application for Allowance of Attorney Fees as Part of Secured Claim (doc 172) is allowed in the total amount of $15,615.43 for fees, costs and New Mexico gross receipts tax on the total fees and taxable

---

[6] The specific numbers are ($21,296 * 2/3 =) $14,197.33 allowed for fees, ($1,490.72 * 2/3 =) $993.81 GRT on the fees, $396.53 allowed for costs, $27.76 GRT on those components of the costs for which GRT is chargeable, with total GRT allowable of $1,021.57.

Case 09-11696-nlj11    Doc 192    Filed 11/30/10    Entered 11/30/10 15:26:32 Page 7 of 10

costs.

**IT IS FURTHER ORDERED** that immediately upon entry of this order, and consistent with the stipulation of the parties contained in the Order Resulting from Preliminary Hearing on ORIX Capital Markets, LLC's Supplemental Application for Allowance of Attorney Fees as Part of Secured Claim, the Clerk is authorized to deliver $15,615.43 to Thuma & Walker, P.C. as counsel for ORIX Capital Markets, LLC.

*/s/ James S. Starzynski*
James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: November 30, 2010


COPY TO:

Daniel J Behles
Moore, Berkson & Gandarilla, P.C.
P.O. Box 7459
Albuquerque, NM 87194

David T Thuma
500 Marquette Ave NW Ste 650
Albuquerque, NM 87102-5309

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608


NOTE:  This memorandum opinion and order supercedes the
memorandum opinion and order entered on the docket 11/24/2010 as
docket entry number 191.  The only changes are the attachment of
the exhibit A referred to on page 5 of the original version and
to identify the correct docket number for the application.

MARKET CENTER EAST RETAIL PROPERTY, INC.    No. 11-09-11696    Exhibit to Memo Opinion

| Fees approved by Court | | Costs Approved | |
| --- | --- | --- | --- |
| 02/08/2010 | $21.50 | 02/10/2010 | $332.42 |
| 02/12/2010 | $160.00 | 03/10/2010 | $22.30 |
| | $64.50 | 04/10/2010 | $8.49 |
| | $86.00 | 05/10/2010 | $1.22 |
| 02/14/2010 | $43.00 | 06/10/2010 | $32.10 |
| 02/17/2010 | $666.50 | 07/10/2010 | $0.00 |
| 02/18/2010 | $192.00 | | |
| | $512.00 | Total | $396.53 |
| | $208.00 | | |
| | $279.50 | | |
| 02/19/2010 | $224.00 | | |
| | $365.50 | | |
| 02/20/2010 | $21.50 | | |
| 02/23/2010 | $1,999.50 | | |
| | $320.00 | | |
| 02/24/2010 | $817.00 | | |
| | $2,408.00 | | |
| | $175.50 | | |
| 02/25/2010 | $1,720.00 | | |
| 02/26/2010 | $32.00 | | |
| 02/27/2010 | $64.50 | | |
| 03/01/2010 | $43.00 | | |
| | $48.00 | | |
| | $215.00 (Lahave var) | | |
| 03/02/2010 | $129.00 | | |
| | $32.00 | | |
| | $43.00 | | |
| 03/03/2010 | $112.00 | | |
| | $43.00 | | |
| 03/04/2010 | $279.50 | | |
| 03/09/2010 | $432.00 | | |
| 03/11/2010 | $224.00 | | |
| 03/12/2010 | $240.00 | | |
| 03/15/2010 | $21.50 | | |
| 03/16/2010 | $432.00 | | |
| 03/18/2010 | $21.50 | | |
| 03/22/2010 | $368.00 | | |
| 03/23/2010 | $272.00 | | |
| 03/24/2010 | $112.00 | | |
| 03/25/2010 | $576.00 | | |
| | $176.00 | | |
| | $43.00 | | |

| Date | Amount |
|---|---|
| 03/26/2010 | $881.50 |
|  | $432.00 |
| 03/29/2010 | $1,096.00 |
|  | $64.00 |
| 03/30/2010 | $43.00 |
| 03/31/2010 | $301.00 |
|  | $416.00 |
| 04/02/2010 | $304.00 |
| 04/07/2010 | $736.00 |
| 04/08/2010 | $288.00 |
|  | $247.50 |
| 04/09/2010 | $544.00 |
|  | $382.50 |
| 04/12/2010 | $202.50 |
| 04/13/2010 | $427.50 |
| 04/15/2010 | $450.00 |
|  | $80.00 |
| 05/14/2010 | $22.50 |
| 05/17/2010 | $22.50 |
| 06/09/2010 | $45.00 |
| 06/21/2010 | $45.00 |
| 07/22/2010 | $22.50 |

| | | |
|---|---|---|
| fees total | **$21,296.00** | **See page 5 of opinion** |
| costs total | **$396.53** | |
| subtotal | **$21,692.53** | |
| taxes | **$1,518.48** | **7% grt** |
| total | **$23,211.01** | |